PETITION OF LEVI CAMPBELL.

No. 11945.
Submitted July 7, 1970.
Decided Sept. 16, 1970.
474 P.2d 283.

PER CURIAM.

Petitioner, an inmate of the Montana state prison appearing pro se, filed with this Court an application for a writ of habeas corpus.

Petitioner was sentenced from Yellowstone County on January 5, 1968, to a term of five years following his plea of guilty to the crime of robbery, and it is his contention the plea was induced and coerced by the fruits of an illegal arrest, an unlawful search and seizure, by fear and despair, and that the plea was thus not voluntary or intelligently made. Petitioner further alleges he was denied effective assistance of counsel; counsel failed to call certain witnesses; failed to transmit a request for new counsel to the district court; and only advised petitioner to plead guilty.

Further, petitioner alleges he filed a pleading similar in content to the instant petition entitled "Motion to Vacate" with the district court of Yellowstone County on March 20, 1969, which was not acted upon.

Thereafter petitioner filed a petition for a writ of habeas corpus with this Court and by its order of April 18, 1969 this Court referred petitioner's case to the Montana Defender Project. Petitioner further alleges no satisfaction has been received from the Montana Defender Project and petitioner still languishes in the Montana state prison.

This Court has carefully considered each of the allegations of petitioner, examined all of the records in the matter, and finds the following facts.

Petitioner and one Lyllis LeCompte were charged jointly by information in the district court of the thirteenth judicial district, in and for the county of Yellowstone, with the crime of robbery on or about the 20th day of November, 1967. Defendants were brought before the court for arraignment at which time they requested they be allowed to employ their own counsel and the matter was continued. Thereafter petitioner appeared before the court and requested court appointed counsel; this was done and arraignment again continued. A motion to quash the information and a demurrer to the information were interposed, argued orally, and denied. At that time petitioner waived his time to plead and entered a plea of not guilty. Trial

was set for the January 1968 term. Thereafter on January 5, 1968, petitioner, in court, withdrew his plea of not guilty, entered a plea of guilty and waived time for the pronouncement of judgment stating he had no legal excuse why judgment should not be pronounced against him at that time. Sentence was then imposed.

The allegations of improper arrest, illegal search and seizure, and other complaints are alleged in general terms and contain no specific facts upon which this Court could act. Further, an examination of the district court records reveals petitioner was before that court on several occasions, at no time did he register any complaint regarding his counsel and on January 5, 1968 he agreed he had no legal excuse why sentence should not be imposed.

The Court does not agree with petitioner's contention, in his instant petition, that he received no satisfaction from the Montana Defender Project to which his petition was referred by order of this Court on April 18, 1969. The files of the Defender Project reveal that an investigation was had immediately and petitioner was interviewed by Mr. John Ross. Petitioner was advised by letter dated May 5, 1969, that the Defender Project was requesting the Yellowstone county district court records. On May 12, 1969, petitioner wrote to the Defender Project as follows:

"I received your letter a couple of days ago, so I am answering you now.

"I thought it over, and think it would be best if you people forgot about it. As I know it will take quite a bit of time to go back in court, and I know the court will stall around for a long time. So, instead of wasting your time I guess it is best if you just forget about it.

"It would be different if I was doing a lot of time or a life sentence, but I am not. So you can understand what I mean."

Even in the face of the letter to abandon the case, the Defender Project finished their evaluation and found nothing

that would compel them to urge petitioner to resume his effort. Petitioner later requested additional help from the Project to adjust his "jail time" and made no mention of past complaints.

The Defender Project evaluated his jail time complaint for him and requested that petitioner contact them again if the evaluation was not correct. Beyond that the record is silent.

The present petition contains the same general allegations as were filed with this Court on April 16, 1969.

After a complete investigation and for the reasons hereinbefore set forth the petition for a writ of habeas corpus is denied.